**RODERICK FINNMARK HADLEY,**

      **Petitioner,**

-vs-                Case No. 6:09-cv-998-Orl-19GJK
                   (6:06-cr-209-Orl-19DAB)

**UNITED STATES OF AMERICA,**

      **Respondent.**

## ORDER

This case comes before the Court on the following:

1. Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Roderick Finnmark Hadley (Doc. No. 1, filed June 15, 2009);

2. Memorandum of Points and Authorities in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Roderick Finnmark Hadley (Doc. No. 2, filed June 15, 2009); and

3. Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Respondent United States of America (Doc. No. 6, filed Sept. 10, 2009).

### Background

On November 16, 2006, Petitioner was charged in a single-count indictment with possession with the intent to distribute and distribution of fifty grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A)(iii). (Criminal Case No. 6:06-cr-209-Orl-19DAB, Doc. No. 10, filed Nov. 16, 2006.)[1] The Government filed a notice pursuant to 21 U.S.C. § 851 that if Petitioner was found guilty, it would seek enhanced penalties based upon Petitioner's three prior felony convictions. (Criminal Case Doc. No. 27, filed Jan. 9, 2007.)

A jury found Petitioner guilty of the charged count. (Criminal Case Doc. No. 47, filed Feb. 2, 2007.) Based on Petitioner's prior felony drug offenses, he was subject to a minimum mandatory sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). A sentencing hearing was conducted, and on June 25, 2007, the Court entered a Judgment sentencing Petitioner to a life term of imprisonment to be followed by a ten-year term of supervised release. (Criminal Case Doc. No. 64 at 2-3, filed June 27, 2007).

Petitioner timely filed a notice of appeal. (Criminal Case Doc. No. 65, filed Jun. 28, 2007.) Petitioner argued on appeal that: (1) a photograph of his arm was improperly introduced into evidence; (2) the cocaine at issue was improperly introduced as evidence because its chain of custody was not properly established; and (3) the fingerprint card used to link his prior felonies was not admissible evidence. (Criminal Case Doc. No. 78 at 5, filed Oct. 26, 2007.) The Eleventh Circuit rejected Petitioner's arguments and affirmed the conviction. (Criminal Case Doc. No. 82, filed Apr. 29, 2008.)

Petitioner timely filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, asserting four grounds for relief: (1) that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence (Doc. No. 2 at 22-28); (2) that his sentence should be reduced in light of anticipated changes in the law to address the sentencing disparity

---

[1] Criminal Case No. 6:06-cr-209-Orl-19DAB will be referred to as "Criminal Case."

between cocaine and crack-cocaine offenses (*id.* at 20-21); (3) ineffective assistance of trial counsel (Doc. No. 1 at 4-5; Doc. No. 2 at 8-20); and (4) ineffective assistance of appellate counsel (Doc. No. 2 at 7-8). Petitioner requested that his sentence and conviction be vacated, or in the alternative, that the Court hold an evidentiary hearing. (*Id.* at 28.) The Government responded in opposition by asserting that there was no basis for an evidentiary hearing. (Doc. No. 6.) The Court directed Petitioner to file a reply to the Government's response within thirty days from September 24, 2009. (Doc. No. 12.) As of the date of this Order, Petitioner has not filed a reply.

## Standard of Review

**I.    Relief**

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2009). If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

## II. Hearing

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir.1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

## Analysis

## I. *Brady* Violations

Petitioner argues that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding documentary evidence concerning: (1) the chain of custody of a video of the drug transaction at issue in this case; (2) the Government's use of Petitioner's tattoo as evidence against him; and (3) the Government's expert witnesses and agents. (Doc. No. 2 at 22-28.) The Government asserts in response that Petitioner is not entitled to relief on these claims due to procedural default. (Doc. No. 6 at 7-8.)

### A. Procedural Bar

A defendant who fails to object at the trial court level to error he believes the court has committed or fails to raise such objection on appeal is procedurally barred from presenting his objection in a motion subsequently filed under 28 U.S.C. § 2255 absent a showing of (1) cause and prejudice, or (2) a fundamental miscarriage of justice. *See United States v. Frady*, 456 U.S. 152, 166-68 (1982); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). In order to show cause, a petitioner must show some external impediment preventing counsel from constructing or raising the claim. *High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000). "Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). Cause, however, does not exist where the injury is fairly attributable to a petitioner's own conduct. *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999). Prejudice exists where the alleged error actually and substantially disadvantaged Petitioner's defense so that he was denied fundamental fairness. *Id.* Stated differently, prejudice exists if there is at least a reasonable probability that the result of the proceeding would have been different had the alleged error not occurred. *Mize*, 532 F.3d at 1190. Absent cause and prejudice, the procedural default of a constitutional claim may be excused only if enforcing the default would result in a fundamental miscarriage of justice. *Id.* This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has failed to allege any external impediments preventing him from raising the alleged *Brady* violations at trial or on direct appeal. Moreover, Petitioner only makes general allegations regarding the information that the Government withheld from him, and he alleges no facts which, if true, would permit the Court to conclude that there is a reasonable probability that the result of Petitioner's trial would have been different had the alleged *Brady* violations not occurred. Accordingly, it must be concluded that the alleged *Brady* violations are procedurally barred and not cognizable here.

### B. Merits of *Brady* Violations

Even if the alleged *Brady* violations are cognizable here, they fail on the merits. The elements of a *Brady* violation are: (1) that the prosecution possessed evidence favorable to the defendant; (2) that the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. *United States v. Bailey*, 123 F.3d 1381, 1397 (11th Cir. 1997).

The alleged *Brady* violations concerning the chain of custody of the surveillance video and the Government's expert witnesses are without merit because Petitioner does not identify the specific information withheld by the Government or how that information would have impeached the testimony given at trial. *See United States v. Valera*, 845 F.2d 923, 928 (11th Cir. 1988) ("Because the defense has not shown how the requested documents were material to the impeachment of [the witness], and not merely cumulative, any error in failure to produce them is harmless."). In addition, the Government's use of Petitioner's tattoo as evidence at trial did not

violate *Brady* because the Petitioner's tattoo was within his possession. *See United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977) ("[T]he government is not obliged under *Brady* to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself."). Moreover, the Government's failure to disclose its trial strategy concerning Petitioner's tattoo does not violate *Brady* because the mandatory disclosure required by *Brady* exists to preserve fairness in criminal trials, not to displace the adversary system. *United States v. Bagley*, 473 U.S. 667, 675 (1985). Thus, Petitioner's alleged *Brady* violations are both procedurally barred and without merit.

## II. Reduction of Sentence Based Upon Anticipated Changes in the Law

Petitioner maintains that his sentence should be reduced in light of anticipated changes in the law to address the sentencing disparity between cocaine and crack-cocaine offenses. (Doc. No. 2 at 20-21.) However, this Court has no authority to reduce a previously imposed sentence based upon anticipated changes in the law. Accordingly, Petitioner's claim that his sentence should be reduced based upon an anticipated change in the law is rejected.

## III. Ineffective Assistance of Trial Counsel

Petitioner claims that his trial counsel was ineffective for failing to: (1) inform Petitioner that he could plead guilty in open court without cooperating with the Government; (2) obtain a plea agreement for Petitioner that afforded him a reduced sentence and that did not obligate him to cooperate with the Government; (3) propose a jury instruction that the substance at issue be found to be crack cocaine beyond a reasonable doubt; and (4) object to the life sentence imposed on Petitioner. (Doc. No. 1 at 4-5; Doc. No. 2 at 8-20.)

Petitioner did not raise these claims on direct appeal; however, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). A successful claim of ineffective assistance of counsel requires Petitioner to show that (1) "counsel's representation fell below an objective standard of reasonableness;" and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). These two elements are commonly referred to as the performance and prejudice prongs, respectively. *Reece v. United States*, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997). If Petitioner fails to establish either prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

As to the performance prong, courts must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989). As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (internal citations omitted).

As to the prejudice prong, Petitioner has the burden of proving that he was prejudiced by trial counsel's allegedly deficient performance. *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000). That an error had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice. *Id.* Instead, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694). Thus, counsel's failure to bring a meritless issue cannot prejudice a client. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Having set out the legal standard for ineffective assistance of trial counsel, the Court now turns to the merits of Petitioner's four claims.

**A. Failure to Inform Petitioner That He Could Plead Guilty in Open Court**

Petitioner first asserts that his trial counsel was ineffective for failing to inform him that he could plead guilty in open court in lieu of pleading guilty pursuant to the plea agreement or going to trial. (Doc. No. 2 at 8, 10.)

Shortly before commencing the trial proceedings, the Court informed Petitioner of his right to plead guilty in open court and explained the consequences of doing so:

> THE COURT [to Petitioner]: There is no plea agreement offered [to] you. The government has withdrawn the plea agreement. If you want to plead guilty today, you will have to plead straight up, which means you will have no plea agreement. You just plead to the charges. The government, I suppose, will be able to enhance you. Is that the government's intent?
>
> MR. ECKHART [counsel for the Government]: Your Honor, we filed a notice of enhancement for prior convictions.
>
> THE COURT: All right. So we are going to trial today, Mr. Hadley. I am not getting another attorney for you. You've had plenty of opportunities here, and I've got a huge jury pool waiting downstairs. And so, you can confer with your attorney.

> If you want to plead guilty straight up, we'll go through the plea proceedings right now, otherwise I'm getting the jury in here. So take a minute and turn the mic off and talk to each other.
>
> MR. NANTS [counsel for Petitioner]: Yes, Your Honor.

(Criminal Case Doc. No. 73 at 9, filed Sept. 25, 2007.) Petitioner then conferred with his counsel and opted to proceed to trial:

> MR. NANTS: . . . Your Honor, we'll proceed to trial.
> . . .
> THE COURT: And, Mr. Hadley, you understand now I'm moving into the trial phase. I am moving into the trial phase right now, you understand.
>
> (Defendant nods head.)

(*Id.* at 10.) Petitioner's statements in open court are entitled to a strong presumption of truth, *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), and in any case, he does not dispute them.

Because Petitioner was informed by the Court of his right to plead guilty in open court before his trial, Petitioner could not have been prejudiced by his trial counsel's alleged failure to explain his option to plead guilty in open court. Finding no prejudice to Petitioner under the alleged facts, this claim of ineffective assistance of counsel is rejected.

**B. Failure to Obtain a Plea Agreement to Petitioner's Liking**

Petitioner also maintains that his trial counsel was ineffective for "allowing the prosecutor to deny him a plea agreement without having to cooperate with the government." (Doc. No. 2 at 8.) Petitioner maintains that he informed his attorney that he wanted to enter a plea agreement to obtain a reduced sentence without cooperating with the Government and that his trial counsel misinformed him that he would have to cooperate with the Government in order to obtain a plea agreement. (Doc. No. 2 at 10; Doc. No. 2-1 at 1.)

A criminal defendant does not have the right to obtain a plea agreement with terms tailored to his liking. Rather, the decision of whether to offer a plea agreement and what terms to include in that agreement are matters of prosecutorial discretion. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.").

Further, counsel's advice to Petitioner that he had to cooperate with the Government if he wanted to obtain a plea agreement was not ineffective assistance of counsel because such advice was consistent with Government's position. The trial record reflects that the Government offered only one plea agreement to Petitioner, which he rejected. (*See* Criminal Case Doc. No. 73 at 6-7 (summarizing the plea negotiations in this case).)² Petitioner does not allege, and the Court has not found any evidence in the record, that the Government proposed any alternative plea agreements to Petitioner or that the Government would have considered a plea agreement under which Petitioner did not have to cooperate with the Government. Because trial counsel's advice to Petitioner was an accurate assessment of the Government's position, Petitioner suffered no prejudice, and thus there was no ineffective assistance of counsel.

---

² Petitioner's counsel summarized for the Court the plea negotiations in this case:

> I believe Mr. Eckhart talked to [Petitioner] and said this is your one time to sign the plea agreement, this is your one time to cooperate, otherwise, we're not going to deal with you anymore. Mr. Hadley said he wanted to read the plea agreement, which of course he should, and I [came] back to the jail to go over it. . . . About a week later, . . . [w]hen I sat down in the conference room, Mr. Hadley said, . . . "I reject the plea agreement. I ain't gonna sign it."

(Criminal Case Doc. No. 73 at 6-7.)

**C. Failure to Object to the Lack of a Jury Instruction to Find Crack Cocaine Beyond a Reasonable Doubt**

Petitioner further asserts that his trial counsel was ineffective for failing to object to the lack of a jury instruction that the substance at issue must be found to be crack cocaine beyond a reasonable doubt. (Doc. No. 2 at 11-13.) Petitioner correctly cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Rogers*, 228 F.3d 1318 (11th Cir. 2000), for the proposition that the drug type and quantity were elements of a drug offense and thus had to be charged in the Indictment,[3] submitted to the jury, and proven beyond a reasonable doubt. (Doc. No. 2 at 12-13.) Petitioner further cites *United States v. Chisholm*, 73 F.3d 304 (11th Cir. 1996), for the proposition that if the jury did not specifically find that he possessed crack cocaine, he should have been sentenced to the lesser penalties for possession of cocaine hydrochloride. (Doc. No. 2 at 12.)

The Court instructed the jury that it could find Petitioner guilty only if it found the substance at issue to be cocaine base, also known as crack cocaine, beyond a reasonable doubt:

> THE COURT: Title 21, United States Code, Section 841(a)(1) makes it a federal crime or offense for anyone to possess a controlled substance with intent to distribute it. Cocaine base is a controlled substance within the meaning of the law. The

---

[3] Petitioner's claim that the Indictment failed to charge Petitioner with possession of crack cocaine, (Doc. No. 2 at 11), is contradicted by the face of the Indictment:

> The Grand Jury charges: . . . On or about November 6, 2006, in Brevard County, Florida, in the Middle District of Florida, Roderick Finnmark Hadley, the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute 50 grams or more of a mixture and substance containing a detectable amount of *cocaine base, commonly known as "crack" cocaine*, a controlled substance listed in Schedule II of Title 21, United States Code, Section 812. All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(iii).

(Criminal Case Doc. No. 10 at 1 (emphasis added).)

-12-

defendant can be found guilty of that offense only if all of the following facts are proved by the Government beyond a reasonable doubt:

> First, that the defendant knowingly and willfully possessed 50 grams or more of cocaine base as charged. Second, that the defendant possessed the substance with the intent to distribute it. And third, that the weight of the cocaine base possessed with intent to distribute by the defendant was in excess of 50 grams as charged.

(Criminal Case Doc. No. 73 at 248.) The jury then found Petitioner guilty of the indicted charge. (Criminal Case Doc. No. 47.) Thus, the record shows that the jury was lawfully instructed and that it dutifully rendered a verdict. Accordingly, Petitioner was not prejudiced by his counsel's failure to object to the jury instructions, and this claim of ineffective assistance of counsel is without merit.

### D. Failing to Object to the Sentence Imposed

Finally, Petitioner claims that he suffered ineffective assistance of counsel because his trial counsel failed to object to the life sentence imposed on the grounds that: (1) the jury did not convict Petitioner of the drug type and quantity sufficient to impose a life sentence; and (2) the pretrial enhancement Information filed by the Government did not comply with 21 U.S.C. § 851(a). (Doc. No. 2 at 14-18.)

#### 1. Conviction of Drug Type and Quantity

The jury verdict form shows that the jury convicted Petitioner of possession with intent to distribute more than fifty grams of cocaine base, (Criminal Case Doc. No. 47), and thus the jury found both the drug type and quantity needed to convict Petitioner of the crime for which he was indicted. *See supra* note 3. Therefore, Petitioner was not prejudiced by his trial counsel's failure to object to the life sentence on the grounds that it was not based upon a drug quantity and amount found by the jury.

## 2. Deficiencies in the Pretrial Enhancement Information

Petitioner's also suffered no prejudice from his trial counsel's alleged failure to object to the sufficiency of the Information filed by the Government to enhance Petitioner's sentence pursuant to 21 U.S.C. § 851(a). Before any prior felony drug offenses can be used to enhance a defendant's sentence pursuant to 21 U.S.C. § 841(b)(1)(A), the Government must file an information "stating in writing the previous conviction to be relied upon" to enhance the defendant's sentence. 21 U.S.C. § 851(a). The Government timely filed an Information in this case identifying three prior felony drug convictions from which it sought to enhance Petitioner's sentence. (Criminal Case Doc. No. 27.)

Petitioner first asserts that his trial counsel should have objected to the Information for failing to list the complete case number of each prior felony drug conviction.[4] (*Id.*) In support of this argument, Petitioner cites *United States v. Rutherford*, 175 F.3d 899, 904 (11th Cir. 1999), in which a panel of the Eleventh Circuit held that the Government's failure to list the defendant's prior convictions in its Section 851(a)(1) pretrial enhancement information could not be cured by subsequent filings and thus precluded the imposition of a life sentence. *Id.* at 903-04. The panel in *Rutherford* noted that the purpose of requiring a pretrial enhancement information is to give the defendant notice of the convictions upon which the Government will rely. *Id.* at 904. Accordingly, while the Eleventh Circuit requires strict compliance with Section 851(a)(1) under some circumstances, the pretrial enhancement information is sufficiently detailed if it provides notice to

---

[4] The Government identified the case numbers of the prior convictions exactly as they appeared in the state court records attached to the Information. (*Compare* Criminal Case Doc. No. 27 at 1-2 ("2001-CF-32358-A-XXX-XX, 2002-CF-60464-A-XXX-XX, and 2002-CF-48891-A-XXX-XX), *with* Criminal Case Doc. Nos. 27-1, 27-2, and 27-3 (same).)

the defendant of the convictions that may be used to enhance his sentence.[5] *Id.*; *see also United States v. Anthony*, 345 F. App'x 459, 465 (11th Cir. 2009) ("The purpose of § 851(a)(1) is to 'allow the defendant to contest the accuracy of the information and to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict.'" (quoting *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995))).

Unlike the defective pretrial enhancement information in *Rutherford* which contained no facts about the defendant's prior criminal convictions, the Information here stated the date, offense, court of conviction, and a substantial portion of the case number for each of the three prior felony drug offenses. (Criminal Case Doc. No. 27.) The Information also attached state court records pertaining to each of the three prior offenses. (Criminal Case Doc. Nos. 27-1, 27-2, and 27-3.) These facts sufficiently notified Petitioner of the prior felony drug offenses at issue such that Petitioner could challenge the application of those offenses to enhance his sentence.

Petitioner further argues that his trial counsel should have objected to the Information because it did not state that Petitioner's sentence would be enhanced to life imprisonment. (Doc. No. 2 at 19.) There is no dispute that the Information did not identify the statute authorizing the life-sentence enhancement. (Criminal Case Doc. No. 27.) However, if the indictment in a case states the statute authorizing the enhanced sentence, the Government need not restate that statute in the pretrial enhancement information. *Anthony*, 345 F. App'x at 466. The Indictment here named the

---

[5] For example, it is clear that the Government's failure to file a timely Section 851(a)(1) notice precludes enhancement even if the defendant knew before trial that he was subject to a sentence enhancement based on prior convictions or if the defendant does not challenge the validity of his prior convictions. *Rutherford*, 175 F.3d at 904 (internal citations omitted). Neither of these situations, however, are present here.

statute permitting a life-sentence enhancement, 21 U.S.C. 841(b)(1)(A), and thus, Petitioner was on notice from the Indictment and the Information that he was subject to a life-sentence enhancement if convicted. (Criminal Case Doc. No. 10.)

Petitioner's reliance on *United States v. Bowden*, No. 08-11935, 2009 WL 32755 (11th Cir. Jan. 7, 2009), is misplaced because the facts in *Bowden* are distinguishable from the facts here. (Doc. No. 2 at 20.) In *Bowden*, the pretrial enhancement information listed the wrong conviction date and the wrong enhancement statute. *Bowden*, 2009 WL 32755, at *1. Here, the Government listed the correct conviction dates in the Information and the correct enhancement statute in the Indictment, which sufficiently notified Petitioner how the Government planned to enhance Petitioner's sentence if he was convicted. *Anthony*, 345 F. App'x at 466. Because the Information complied with Section 851(a)(1), Petitioner suffered no prejudice from his trial counsel's failure to object to the alleged defects in the Information.

In summary, because Petitioner fails to allege any prejudice that undermines confidence in the outcome of the case, there is no legal basis for an evidentiary hearing to determine whether his trial counsel was constitutionally ineffective, and Petitioner's claims of ineffective assistance of trial counsel are rejected. *Smith*, 170 F.3d at 1053.

## IV. Ineffective Assistance of Appellate Counsel

Petitioner argues that his appellate counsel was ineffective for filing an *Anders* brief on direct appeal instead of arguing the merits of the claims that Petitioner raised above.[6] (Doc. No. 2 at 7-8.)

---

[6] An *Anders* brief is properly filed if appointed appellate counsel, after a conscientious examination of the record, finds his client's case on appeal to be wholly frivolous and wishes to withdraw from representation. *Anders v. California*, 386 U.S. 738, 744 (1967). The *Anders* brief must refer "to anything in the record that might arguably support the appeal." *Id.* The appellate
(continued...)

The *Strickland* standard for ineffective assistance of trial counsel also applies to claims of ineffective assistance of appellate counsel. *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009). As to the prejudice prong of the *Strickland* analysis, Petitioner cannot be prejudice by his appellate counsel's failure to raise issues that have no merit. *See Cross v. United States*, 893 F.2d 1287, 1292 n.13 (11th Cir. 1990) (rejecting the petitioner's claim of ineffective assistance of appellate counsel for failure to raise a particular issue on appeal because the issue had no merit and thus the petitioner was not prejudiced). Because none of the claims raised by Petitioner have any merit, *see supra* Parts I-III, Petitioner was not prejudiced by his appellate counsel's filing of an *Anders* brief and failure to raise those issues on appeal. Accordingly, Petitioner's claim of ineffective assistance of appellate counsel is rejected.

**Conclusion**

Based on the foregoing, the Court finds that Petitioner is not entitled to a hearing because his claims are either facially deficient or affirmatively contradicted by the record. Petitioner has not demonstrated that he is entitled to relief on any of the claims he has raised. Any allegations not specifically addressed herein have been found to be without merit.

---

(...continued)
court "then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* If the case is found to be wholly frivolous, the appellate court "may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." *Id.*

Petitioner's appellate counsel filed an *Anders* brief which identified several issues that might have arguably supported an appeal. (Criminal Case Doc. No. 78.) The Eleventh Circuit Court of Appeals found no merit in the appeal and granted appellate counsel's request to withdraw. (Criminal Case Doc. No. 82 at 2-3.)

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody by Petitioner Roderick Finnmark Hadley (Doc. No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:06-cr-209-Orl-19DAB and to terminate the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Criminal Case Doc. No. 86) pending in that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[7] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[7] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Rules Governing § 2255 Proceedings, Rule 11.

Dated this day of February 26, 2010 in Orlando, Florida.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Roderick Finnmark Hadley
Counsel of Record